UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

PATRICIA FRANCOIS,

                 Plaintiff,               09 Civ. 3275

   -against-                             OPINION

MATTHEW MAZER and SHERYL SHADE,

                 Defendants.

------------------------------------------X



A P P E A R A N C E S :

      Attorneys for Plaintiff

      GIBSON, DUNN & CRUTCHER LLP
      200 Park Avenue, 47th Floor
      New York, NY  10166
      By:  Adam H. Offenhartz
           Julie Ida Smith
           Michelle Marie Craven
           Netra Sreeprakash

      URBAN JUSTICE CENTER
      123 William Street, 16th Floor
      New York, NY 10038
      By:  Carmela Huang

      Attorneys for Defendants

      ROSENBAUM & ROSENBAUM P.C.
      110 Wall Street, 21st Floor
      New York, NY  10005
      By:  Matthew Trafton Gammons

**Sweet, D.J.**

The parties have presented various discovery disputes to the Court by four motions fully submitted on August 11, 2010. These issues are resolved as follows.

**Defendants' Motion to Compel Discovery is Granted in Part and Denied in Part**

Defendants' July 20, 2010 motion to compel discovery is granted in part and denied in part. Defendants' demand that Plaintiff produce her tax returns and documents relating to her immigration status is denied with leave granted to renew upon a further showing of relevance.

Plaintiff shall respond to interrogatories requesting the identification of past employers. Leave is granted for Defendants to renew their application to obtain the identification of Plaintiff's employers subsequent to Plaintiff's employment by Defendants upon a further showing of relevance.

**Plaintiff's July 22, 2010 Motion to Compel Discovery is Granted in Part and Denied in Part**

1

Plaintiff's request for an accurate response to
Plaintiff's Interrogatory 10 (requesting a complete and accurate
list of the medical personnel who treated Mazer for his December
18, 2008 injuries) is granted.  Defendants admit that they did
not accurately respond to Plaintiff's request.  That admission
should be accompanied by a corrected response.

Turning to Plaintiff's document requests, Defendants
claim to have turned over all of the responsive materials in
their possession.  Plaintiff does not present any grounds to
refute this claim.  However, Defendants have not complied with
Plaintiff's HIPAA-related requests (Plaintiff's Document
Requests 25, 28, 29, and 31), as they did not authorize the
release of Mazer's mental health records.  Defendants must
provide that additional authorization.  Defendants need not
provide authorization for Plaintiff to speak with Mazer's
doctors, as this authorization was not properly requested by
Plaintiff.

Plaintiff also claims that Defendants must include
supporting documents with their financial affidavits.
Defendants deny this claim.  Reviewing Plaintiff's Document
Request 20, Plaintiff clearly requests an affidavit with

2

supporting documents.  Defendants do not adequately defend their refusal to comply with Plaintiff's discovery request and must hand over the supporting documents for their financial affidavits.

Plaintiff also seeks to enforce a subpoena duces tecum against the Residential Owners' Board of Directors 171 West 57th Street for their sign-in books containing Plaintiff's name from June 17, 2008 to December 19, 2008.  Defendants have turned over a redacted log for that time period but fail to justify the redactions.  Given the foregoing, Defendants must produce the requested sign-in books without redactions unless good cause is shown by motion for the redactions.

**Plaintiff's Motion for Sanctions is Denied**

Plaintiff's July 22, 2010 Motion for Sanctions, reiterated on August 13, 2010, is denied with leave to renew upon a showing of further non-compliance by Defendants.

**Plaintiff's July 22, 2010 Motion for Leave to Take Additional Depositions is Denied**

3

Plaintiff's request leave to depose an additional eleven non-party witnesses pursuant to Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure.  Eight of the persons to be deposed are medical personnel alleged to have treated Mazer. The Court orders the parties to meet and confer regarding the remaining depositions to be taken in this action and in order to set a schedule for the completion of discovery.  Plaintiff's motion to take additional depositions is denied with leave to renew in the event that the meet-and-confer fails to resolve the issue.

In the event that the parties fail to come to an agreement on the completion of discovery, the parties will contact the Court to set a date and time for a pre-trial conference to resolve these issues.

It is so ordered.

New York, NY
October 6 , 2010

_____
ROBERT W. SWEET
U.S.D.J.

4