UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA FRANCOIS,                                  09 Civ. 3275 (KBF)
                       Plaintiff,          MEMORANDUM OF LAW
                                     IN SUPPORT OF
                                     DEFENDANTS' MOTION
   -against-          *IN LIMINE*

MATTHEW MAZER and SHERYL SHADE,

                       Defendants.
------------------------------------------------------------------------X

## Introduction

This memorandum is submitted in support of Defendants' motion *in limine* for an order barring Plaintiff from introducing asking Defendants any questions with reference to their tax returns at trial, specifically, whether any declaration was made regarding income paid to an employee.

## Introduction

Throughout the discovery in the instant action, Plaintiff did not request copies of Defendants' tax returns. In fact, when Defendants requested copies of Plaintiff's tax returns, Judge Sweet disallowed this area of inquiry, holding that Plaintiff's tax returns were not relevant. Defendants' tax returns are similarly irrelevant, and in fact a request for production was not made. Thus, these tax returns and any testimony relating to information contained in these tax returns must be irrelevant at trial. Further, it is well established that tax returns are afforded a special privilege and heightened discovery standard. Where, as here, Defendants' tax returns are irrelevant to any claims or defenses in this case, any questions with reference to Defendants' tax returns or any information contained therein should be barred at trial.

1

## Argument

### A. Defendants' tax returns are irrelevant to any claims or defense in the instant case

Only "relevant" evidence is admissible at trial. Federal Rule of Evidence 401 defines 'relevant evidence' as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence".

Here, Defendants' tax returns or any information contained therein is irrelevant to the case at bar. Plaintiff's weekly salary is not disputed. Rather, Plaintiff's claims concern unpaid overtime, spread of hours pay, earned wages, contract claims and alternate theories, assault, battery and emotional distress claims. No information in Defendants' tax returns is required to establish any of these claims. This information is not related to any issues, claims, or defenses in the instant litigation and is accordingly insufficient to establish 'relevant evidence'.

### B. Because of the confidential nature of tax returns, their disclosure is disfavored

Due to the confidential nature of tax returns, their disclosure is disfavored. The party seeking such disclosure must make a strong showing of necessity and demonstrate that the information contained therein is unavailable from any other source. *Gordan v Grossman*, 183 A.D.2d 669, 670 (1st Dept, 1992); *Williams v. New York City Housing Authority*, 22 N.Y.3d 315, 316 (1st Dept, 2005).

The general rule of non-disclosure should hold in the case at bar. There is nothing to adequately demonstrate that the information contained in Defendants' tax returns is indispensable to the instant litigation, unavailable from other sources, or that Plaintiff cannot prove her claims or

Defendants maintain their defenses without the use of information contained in the tax returns. In fact, Defendants' tax returns would not contain any information that go to the onus of Plaintiff's claims that is (1) that she was allegedly not paid adequate wages, and (2) that she was allegedly assaulted on December 18, 2008.

### Conclusion

Based on the facts and law outlined above, Defendants' motion should be granted in its entirety.

Dated: New York, New York
April 19, 2012

                                          /s/ Nathalie Trepelkova
                                          Nathalie Trepelkova, Esq.
                                          ROSENBAUM & ROSENBAUM, P.C.
                                          Attorney(s) for Defendants
                                          Matthew Mazer and Sheryl Shade
                                          110 Wall Street, 21st Floor
                                          New York, New York 10005
                                          (212) 514-5007

TO:    **GIBSON, DUNN & CRUTCHER, LLP**
           Attorney(s) for Plaintiff
           Patricia Francois
           Jennifer H. Rearden
           200 Park Avenue, 47th Floor
           New York, NY 10166-0193
           (212) 351-3818