```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PATRICIA FRANCOIS,                  :    09 Civ. 3275 (KBF)
                    Plaintiff,      :    MEMORANDUM OPINION
                                         & ORDER
          -v-                       :

MATTHEW MAZER and SHERYL SHADE,     :

                    Defendants.     :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 24 2012

KATHERINE B. FORREST, District Judge:

On April 18, 2012, plaintiff Patricia Francois ("plaintiff") filed a motion *in limine* for an order precluding defendants Matthew Mazer and Sheryl Shade ("defendants") from eliciting or offering at trial any argument or evidence as to plaintiff's immigration status. For the reasons set forth below, plaintiff's motion is GRANTED.

The law is clear that that "any individual" is entitled to pursue an action under the Fair Labor Standards Act (the "FLSA"). 29 U.S.C. § 203(e)(1); Corona, et al. v. Adriatic Italian Rest. & Pizzeria, 08 Civ. 5399, 2010 U.S. Dist. LEXIS 15788, at *2 (S.D.N.Y. Feb. 23, 2010). There are a number of cases that have found that evidence of immigration status has no bearing on matters of consequence to be determined under the FLSA, and to be both undiscoverable and inappropriate topics for trial. See e.g., Corona, 2010 U.S. Dist. LEXIS 15788, at *2;

Liu v. Donna Karan Int'l, Inc., 207 F. Supp. 2d 191, 192-93 (S.D.N.Y. 2002).

Plaintiff has also brought claims under New York state law. This Court finds that evidence of immigration status is irrelevant and therefore not admissible regarding any issue with respect to any New York state law claim. In addition, even if evidence of immigration status were relevant to some element of some claim, Rule 403 of the Federal Rules of Evidence is itself sufficient to preclude the admission of such evidence. Evidence regarding immigration status could unduly prejudice plaintiff's case. It would also be difficult for a jury to hear evidence of immigration status and take it into consideration for state law claims while excluding it from consideration for FLSA claims — such evidence has great potential to cause juror confusion.

The Court's concerns regarding the relevance and prejudice of evidence related to plaintiff's immigration status pertain equally to its use as support for any claim or defense and its use to cross-examine the credibility or character of plaintiff. "[W]hatever value the information might hold as to impeachment is outweighed by the chilling and prejudicial effect of disclosure." Barrera v. Boughton, 07 Civ. 1436, 2010 U.S. Dist. LEXIS 26081, at *17 (D. Conn. Mar. 19, 2010).

Plaintiff's motion to exclude argument or evidence related to plaintiff's immigration status is therefore GRANTED. The Clerk of the Court is directed to terminate the motion at Docket No. 90.

SO ORDERED.

Dated:   New York, New York
         April 23, 2012

                              _____
                                   KATHERINE B. FORREST
                                 United States District Judge