UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PATRICIA FRANCOIS, :
:
              Plaintiff, :
: 09 Civ. 3275 (KBF)
  -against- :
:
MATTHEW MAZER, SHERYL SHADE, :
:
              Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S RESPONSE TO THE COURT'S APRIL 24, 2012 ORDER
CONCERNING THE TESTIMONY OF DEFENDANTS' DAUGHTER**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiff Patricia Francois*

April 30, 2012

Plaintiff Patricia Francois respectfully submits this response to the Court's April 24, 2012 Order directing Plaintiff to provide the reasoning for her request that this Court preclude Defendants Matthew Mazer and Sheryl Shade from presenting their minor daughter as a witness at trial.

## PRELIMINARY STATEMENT

At the pretrial hearing on March 6, 2012, Defendants indicated that they intend to call their 11-year old daughter as an "independent" witness of the events of December 18, 2008.[1] Defendants will be asking their daughter to testify about the slurs that Mr. Mazer yelled at Ms. Francois, the screams that she heard, whether she was scared of her father, and any physical violence or resulting injuries that she witnessed.  Putting aside that it is difficult to accept Defendants' daughter as an unbiased witness regarding the conduct of her father, Defendants' daughter was only eight years old at the time of Defendant Mazer's brutal attack on Ms. Francois.  Even if this Court endeavors to impress upon Defendants' daughter the importance of being truthful, she may well face significant pressure at home to testify favorably about her mother and father, regardless of her true recollection of the situation – assuming that she even has an independent recollection of the events of that night.

It is fundamental that a witness at trial must be competent to testify about the issues in the case.  Competency requires all of the following:  (1) the mental capacity at the time of the event about which she is to testify to receive an accurate impression of it; (2) a memory sufficient to retain an independent recollection of the event; (3) an understanding of the obligation to speak the truth on the witness stand; (4) the capacity to understand simple questions about the event; and (5) the capacity to express in words her memory of the event.  There is no evidence that

---

[1] Defendants' letter to the Court indicates that they seek to introduce the testimony of their daughter only with respect to the events of December 18, 2008.  Should Defendants also seek to introduce testimony regarding the hours that Plaintiff worked, then the capacity and competency of such a young child to remember exact work schedules and dates also will have to be examined.

Defendants' daughter satisfies any, much less all, of these requirements. In the absence of such evidence, Defendants' daughter should not be permitted to testify under oath in this action.

Accordingly, pursuant to Federal Rules of Evidence 401, 403, 601, and 603, Plaintiff opposes the testimony of Defendants' minor daughter. In the alternative, Plaintiff respectfully requests that, prior to determining whether to permit Defendants' daughter to testify, the Court engage in a preliminary examination to determine whether she is competent to testify as required by Federal Rules of Evidence 601, 602, and 603, and New York law.

## ARGUMENT

### I.   There Is No Evidence That Defendant's Daughter Is Competent To Testify

Defendants seek to have their daughter testify about Defendant Mazer's physical and verbal attack on Plaintiff. In order for a child to be called as a witness, she must possess the following attributes: (1) the child must have the capacity to accurately perceive, record and recollect impressions of fact (i.e., physical and mental capacity); (2) the child must have perceived, registered, and recalled impressions tending to establish a fact of consequence in the litigation (i.e., personal knowledge); (3) the child must appreciate the difference between the truth and a lie or fantasy, understand the duty to tell the truth, and declare that she will tell the truth (i.e., oath or affirmation); (4) the child must possess the capacity to comprehend questions (i.e., comprehension); and (5) the child must be able to express herself intelligibly (i.e., narration). *See* 1 McCormick On Evid. § 62 (6th ed.).

While it is undisputed that Defendants' daughter was present in Defendants' home when the incident took place, there is no record evidence as to what, if anything, Defendants' daughter actually witnessed that night. Nor is there any evidence regarding what she remembers about that night, as opposed to what she has heard from her parents, her parents' lawyers, or the press coverage of the incident. Moreover, there is no evidence that Defendants' daughter understands the

2

difference between telling the truth and lying to the Court or to the jury. And there is no evidence that she understands the consequences of testifying under oath.[2] For these reasons, Defendants' daughter should not be allowed to testify in this matter.

## II. Defendant's Daughter Is Not An Independent Witness

In their letter to the Court, Defendants do not offer so much as a suggestion that their daughter is competent to testify. Instead, Defendants suggest that their daughter's testimony is especially pertinent because she is the only "independent" witness of the events of December 18, 2008. It is difficult to understand how an 11-year-old, who was 8 years old at the time of the incident, is "independent" of Defendants, her parents. In fact, this minor child is dependent on her parents for the essentials of living – as well as for spending money and toys, among other things. In short, Defendants' daughter's access to basic necessities and other items entirely depends on Defendants.

In light of this child's lack of independence, it is highly doubtful that her testimony will truly reflect her own recollection of what she saw when she was eight years old, as opposed to her parents' version of the events of December 18, 2008. A young child's memory almost certainly will have been affected and altered by her parents' recollection and their discussions of that night over the years. Further, a mere repetition of her father's version of events would be cumulative and prejudicial. *See* Fed. R. Evid. 403. Accordingly, the testimony of Defendants' daughter is unlikely to be competent, "independent," or of any meaningful aid to the jury in resolving this litigation.[3]

---

[2] Defendants first disclosed their intention to call their daughter to provide testimony as to the events of December 18 at the pretrial conference held before this Court on March 6, 2012. Discovery had closed nearly four months earlier, effectively precluding Plaintiff from investigating before trial the competency of Defendants' daughter.

[3] In deciding whether to permit her testimony, Defendants' daughter's well-being should be considered along with the low utility of her testimony. Testifying in a civil action involving

[Footnote continued on next page]

### III. The Court Must Affirmatively Assure Itself Of The Competency of Defendants' Daughter Before She May Be Allowed To Testify

Federal Rule of Evidence 601 provides that "state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Defendants seek to introduce their daughter's testimony on Plaintiff's New York state law tort claims and Defendants' New York state law counterclaims, and, therefore, New York state law provides the rule of decision as to the question of whether her competency must be gauged by this Court. In New York, children may only "testify after a preliminary examination gauging the capacity and intelligence of the child, the appreciation of the difference between right and wrong, and the obligations of taking an oath." *Stergiou v. N.Y. City Dep't of Educ.*, 103370/11, 2012 N.Y. Slip Op 50291U, at *10-11 (Sup. Ct. N.Y. Cnty, Feb. 21, 2012); *see also Almy v. Pappas,* 134 A.D.2d 946, 947 (4th Dep't 1987) (explaining court should conduct preliminary examination of child witnesses to determine if they possess sufficient capacity and are competent to testify).[4]

Such preliminary examinations are not perfunctory exercises. They involve more than a few questions and rote answers. Indeed, they can and often do involve lengthy questioning, during which the court is tasked with evaluating not only the substance of the child's answers, but also the form and manner in which they are given. For example, "perfunctory one word or non-verbal responses to mostly leading questions [in a preliminary examination] do not demonstrate that a

---

[Footnote continued from previous page]
one's parents can be incredibly traumatic for a young child. *See* Chris A. Messerly, *The Child Witness in Tort Cases: The Trials and Tribulations of Representing Children*, 24 Wm. Mitchell L. Rev. 169, 169-170 (1998) (citing, *inter alia*, Nancy W. Perry & Lawrence S. Wrightsman, The Child Witness 155 (2d ed. 1991), Jacqueline Y. Parker, *The Rights of Child Witnesses: Is the Court a Protector or Perpetrator?*, 17 New Eng. L. Rev. 643, 647-48, 656 (1981-82).).

[4] Should the Court decide to defer ruling on the admissibility of the testimony of Defendants' daughter until after a preliminary examination of the child's competency, Plaintiff respectfully reserves the right to renew after such examination its objection to the introduction of any testimony of Defendants' daughter.

4

child witness understands that there is a special moral duty to tell the truth while under oath, even if the child witness can differentiate between a truth and a lie." *Strickland v. Police Athletic League, Inc.*, 5830/06, 2009 NY Slip Op 50067U, at *6 (Sup. Ct. Kings Cnty. Jan. 12, 2009). Similarly, "merely getting the answer does not establish that the child understood that he had a moral duty to tell the truth and/or that he understood the nature of an oath." *People v. Carrington*, 18 Misc.3d 1147(A), at *10, 859 N.Y.S.2d 897 (Cnty Ct. Westchester Cnty Mar. 6, 2008) (analyzing twelve transcript pages of voir dire of minor witness and determining witness was incapable of giving sworn testimony).

In accordance with New York law, assuming this Court does not reject Defendants' request at this stage, then this Court should examine Defendants' daughter with pretrial questioning and critically assess her answers and demeanor to analyze her comprehension of the importance of telling the truth, what it means to lie, the importance of being truthful under oath and the consequences of violating that oath, and the source and basis of the information that she would proffer before this Court and the jury. Further, if Defendants' daughter is sworn as a witness, the Court should remain alert throughout her time on the stand to (1) verify her ability to understand the significance of the oath, and (2) ensure that she maintains the capabilities of observation, recollection, and narration. *See Maggard v. Ford Motor Co.*, 320 Fed. Appx. 367, 379 (6th Cir. 2009) (citing Fed. R. Evid. 603).

### IV. Before Defendants' Daughter May Be Permitted To Testify, This Court Should Craft An Appropriate Oath To Be Given Before The Jury

In the event that Defendants' daughter is permitted to testify, this Court will have to fashion an appropriate oath that ensures that she properly understands her obligation to tell the full truth, even if that truth is detrimental to her father (or her mother). *See* Fed. R. Evid. 603; *see also United States v. Thai,* 29 F.3d 785, 812 (2d Cir. 1994) (quoting *Spigarolo v. Meachum*, 934 F.2d 19, 24 (2d Cir. 1991); *Ranofsky v. Frank,* 208 A.D. 213, 213 (1st Dep't 1924); *Strickland*, 2009 NY Slip Op

5

50067U, at *5 ("In civil actions, the usual rule is that a child may not testify unless under oath or pursuant to affirmation.").

The decision in the *Thai* action is instructive here. In *Thai*, the court asked several questions to establish that the child appreciated the difference between truth and falsity and that the child understood that it was wrong to lie before the jury. The court concluded its questioning of the child as follows: "You've told me that you understand that it is very wrong to tell a lie. Do you promise me that in response to [attorney's] questions and in response to any questions that [defense counsel] asks, do you promise me that you will tell the truth? … You understand it's wrong not to[?]" *Thai,* 29 F.3d at 812. Plaintiff respectfully requests, in the event that the Court decides to permit Defendants' daughter as a witness, that the Court engage in a similar line of questioning of the witness in front of the jury before she is permitted to offer any testimony in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court preclude the testimony of Defendants' minor daughter. In the alternative, Plaintiff respectfully requests that this Court personally assess Defendants' daughter's competency prior to permitting her to take the stand in this case.

Dated: New York, New York
April 30, 2012

GIBSON, DUNN & CRUTCHER LLP

By: __/s/ Jennifer H. Rearden_____
    Adam H. Offenhartz
    Jennifer H. Rearden
    Jason W. Myatt
    Rachel A. Lavery

200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiff Patricia Francois*